UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00454-SSS-BFM | Date | February 4, 2026 |
| Title | *Ricardo Saldana Rivera v. Kristi Noem et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER REQUIRING RESPONSE TO PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER BY FEBRUARY 6, 2026 AT 12 PM [DKT. NO. 3]**

The Court is in receipt of Petitioner's Application for Temporary Restraining Order ("TRO"). [Dkt. No. 3]. Upon reviewing the Application and Petitioner's Petition for Writ of Habeas Corpus, Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). As such, Petitioner is entitled to a bond hearing consistent with the Court's final judgment in *Bautista*. *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (generally precluding a court from "reconsidering an issue previously decided by the same court where the issue in question was decided explicitly or by necessary implication"). Nevertheless, Petitioner remains detained and has been denied access to release on bond. [Dkt. No. 1-1 at 2].

The Court **ORDERS** Respondents to submit a Response to the Temporary Restraining Order by **February 6, 2026, at 12:00 PM**. The Response must detail whether Respondents object to Petitioner's membership in the Bond Eligible Class. If membership in the Bond Eligible Class is not contested, the Court will issue a

...

subsequent order granting relief to the class member consistent with its orders in *Bautista*. Moreover, Respondents shall explain why Petitioner was denied a bond hearing before an Immigration Judge in spite of their request for one.

      To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise. *See California Energy Com'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."). Further, in light of Petitioner's interest in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings, it is **ORDERED** that Petitioner shall not be transferred except to a facility within this District absent further order from this Court. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (concluding that the district court "had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief"); *Belbacha v. Bush*, 520 F.3d 452, 456 (D.C. Cir. 2008) (invoking the All Writs Act, 28 U.S.C. § 1651, and noting that if a case presents a "substantial jurisdictional question . . . a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction"); *Garcia-Izquierdo v. Gartner*, No. 04-CV-7377 (RCC), 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case").

      **IT IS SO ORDERED**.