# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

RICARDO SALDANA RIVERA,

    Petitioner,

    v.

KRISTI NOEM, et al.,

    Respondents.

No. 5:26-cv-00454-SSS-BFM

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, the Magistrate Judge's Report and Recommendation, and Respondents' Objections. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.

Respondents raise four objections to the Report and Recommendation: (1) there is no jurisdiction to contest the Immigration Judge's ("IJ") bond decision; (2) Petitioner should have had the burden of proof at the bond hearing; (3) Petitioner did not exhaust administrative remedies; and (4) Petitioner does not identify due process violations or errors of law to warrant habeas relief. [*See* Dkt. No. 31, "Objections"]. None are availing.

***Jurisdiction.***  As a preliminary matter, the Court clarifies that the jurisdictional bars Respondents identify are inapplicable.  [*See* Objections at 6–7].  Section 1226(e) bars judicial review of the Attorney General's "discretionary judgment regarding the application of this section."  § 1226(e).  The Supreme Court has already determined that § 1226(e) "contains no explicit provision barring habeas review," and that "its clear text does not bar [a habeas petitioner's] constitutional challenge to the legislation authorizing his detention without bail." *Demore v. Kim*, 538 U.S. 510, 517 (2003).  Here, Petitioner argues that Respondents have detained him pursuant to § 1225(b)(2) rather than § 1226(a) in violation of his due process rights under the Fifth Amendment.  The Court has jurisdiction to review his habeas petition.  As to § 1252(a)(2)(B)(ii), this portion has no relevance because the Respondents' "statutory detention power is 'not a matter of discretion' to which § 1252(a)(2)(B)(ii) applies." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

***Burden at Bond Hearing.***  Respondents next suggest that the Ninth Circuit "confirmed in *Rodriguez Diaz v. Garland*" that the burden of showing that a noncitizen is not a flight risk or danger to the community is on Petitioner. [Objections at 7].  In support of this argument, Respondents cite to *Xujun Wang v. Semaia*, No. EDCV 26-01028-MWF (JDE), 2026 WL 1047907, at \*2 (C.D. Cal. Apr. 14, 2026).

It is true that the Ninth Circuit observed in *Rodriguez Diaz v. Garland* that it was "aware of no Supreme Court case placing the burden on the government to justify the continued detention of an alien, much less through an elevated 'clear and convincing' showing."  53 F.4th 1189, 1211 (9th Cir. 2022).  But Respondents are wrong to suggest that such an observation results in the burden falling on a detainee to show whether they present a flight risk or danger to the public at a bond hearing before an immigration judge.  First, *Rodriguez Diaz* confirms that the government need not bear the burden of proof by clear

and convincing evidence at a *second bond hearing*. *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022). Second, *Xujun*'s discussion of *Rodriguez Diaz* is limited to "Petitioner's failure to discuss or reckon with *Rodriguez Diaz*." *Xujun*, 2026 WL 1047907, at \*2. The Court notes that *Rodriguez Diaz* discusses *prior* case law that shifted the burden to the government. True, *Rodriguez Diaz* walks through the Ninth Circuit's rulings in "*Singh, Casas, Diouf II*, and *Rodriguez II*." *Rodriguez Diaz*, F.4th at 1202. In other words, four separate cases in the Ninth Circuit established the burden to be on the government.

As relevant to § 1226(a), the subsequent discussion in *Rodriguez Diaz* merely discusses how the Supreme Court's decisions in *Jennings* and *Arteaga-Martinez* found certain procedural protections in § 1226(a) do not exist as the Ninth Circuit had previously found. *Rodriguez Diaz*, 53 F.4th at 1201. But that reference was to "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary." *Jennings*, 583 U.S. at 306.

*Rodriguez Diaz*, though its core holding finds that the government does not bear the burden for subsequent bond hearings in § 1226(a), and  recognizes § 1226(a) "stands out from the other immigration detention provisions in key respects." *Id.* at 1202. The Ninth Circuit then discussed the implementing regulations that provide "extensive procedural protections that are unavailable under other detention provisions." *Id.* at 1202.

*Rodriguez Diaz* further notes that it had previously "cited § 1226(a)'s procedures as a reference point for what [it] believed should be required under [other statutory provisions like § 1231(a)(6) and § 1226(c))." *Id.* at 1202. Thus, the Ninth Circuit understood that its prior cases "were premised on the lack of process that was afforded to those [noncitizens] *as compared to § 1226(a) detainees*." *Id.* (emphasis in original).

Here, Petitioner is (at Respondents' own concession) a member of the

3

Bond Eligible Class in *Bautista v. Santacruz*. [*See* Dkt. No. 11 at 2]. The Bond Eligible Class implicates issues regarding a hearing whose existence is presumed through the agency's regulations. The Supreme Court acknowledged that as well. *See Jennings*, 583 U.S. at 298 (providing that § 1226(a) "allows for bond hearings in certain circumstances"); *see also Rodriguez Diaz*, 53 F.4th at 1202 (outlining § 1226(a)'s implementing regulations that provide for an initial bond hearing before a neutral adjudicator). Moreover, the Ninth Circuit expressly declined to discuss whether parts of those four cases remain good law because that issue was not before the court. *Rodriguez Diaz*, 53 F.4th at 1202.

Accordingly, the Court finds Respondents' argument regarding the burden incorrect. At best, Respondents' proposition is equivocal in this judicial district. *Cf. Jose Manuel Mendoza-Rodriguez, v. Markwayne Mullin, et al.*, No. EDCV 26-1730-AS, 2026 WL 1104774 (C.D. Cal. Apr. 17, 2026) (ordering a bond hearing with the burden on the government).

***Exhaustion of Administrative Remedies.*** As indicated in Respondents' Reply to Petitioner's initial Temporary Restraining Order Application, Respondents indicated that "Petitioner appears to be a member of the Bond Eligible Class." [Dkt. No. 11 at 2]. As such, Petitioner was entitled to the relief granted by the final judgment entered by this Court on December 18, 2025. [*Id.*]. Nevertheless, months after the Final Judgment, Respondents continued to detain Petitioner without providing a bond hearing. [*See* Dkt. No. 1 ¶ 18]. To the extent Respondents have not waived this argument for failure to previously raise it before the Court, the Court finds that prudential waiver of exhaustion would be appropriate given its futility. *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004) ("If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement.").

***Entitlement to Habeas Relief.*** Finally, Respondents argue that

"[w]hatever procedural deficiencies may have hypothetically occurred" at the bond hearing, "they do not warrant Petitioner's release." [Objections at 11]. The Court first notes that Respondents did not comply with the Court's order on February 17, 2026, which required Respondents to submit a transcript or recording of Petitioner's Bond Hearing to evaluate whether it was in violation of due process. [Dkt. No. 16]. Rather than providing the Court with the transcript or recording, Respondents instead stated that Petitioners' counsel had already filed the evidence presented at the bond hearing, and raised no other objection to the sufficiency of the bond hearing. [Dkt. No. 18]. Based on the record before the Court as of February 19, 2026, the Court determined that Petitioner had received a bond hearing in accordance with due process. [Dkt. No. 19]. As such, the Court denied Petitioner's request for a preliminary injunction as moot.

Given Respondents' failure to supplement the record for the Court, Petitioner then submitted a transcript of the bond hearing in a Motion for Reconsideration on March 5, 2026. [Dkt. No. 21-3, "Transcript"; *see also* Dkt. No. 21, "Motion for Reconsideration"]. This submission completed the factual record before the Court, reflecting the defective nature of Petitioner's bond hearing. Because Respondents had not provided any argument beyond a merits-based defense of the IJ's determination in its previous response, the Court considered all other arguments waived and unnecessary to decide the Motion for Reconsideration.

Where the Court had ordered a bond hearing, but the IJ conducted a defective bond hearing, Petitioner is entitled to immediate release of Petitioner given the nature of irreparable harm associated with wrongful detention.

Having addressed each objection, the Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted;

2. The Petition is **granted** on the ground that Petitioner's detention without a bond hearing was unlawful;

3. The Court Clerk shall serve this Order and Judgment on all counsel or parties of record.

DATED:  May 7, 2026

_____
HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

6